ROBERTSON, Judge.
Paul Tirey (husband) and Carolyn Tirey (wife) were divorced by decree of the Circuit Court of Colbert County on February 17, 1982. Incorporated in the decree was an agreement between the parties providing for a property settlement and payment of alimony by the husband to the wife.
The agreement, in pertinent part, is as follows:
“During such time as the party of the second part, while employed by the Tennessee Valley Authority, is working as and his earnings are based upon being “dual-rated”, the party of the second part shall pay unto the party of the first part as alimony the sum of Six Hundred and no/100 ($600.00) per month.
“During such time as the party of the second part is employed by TVA and his earnings are not based upon being “dual rated”, the party of the second part shall pay unto the party of the first part as alimony a sum of money equal to Fifty (50%) percent of his disposable earnings. For purposes of calculating the amount of money due hereunder, disposable earnings is defined as the gross earnings less only withholding taxes and social security taxes and health and medical insurance, not to exceed Six Hundred and no/100 ($600.00) Dollars.”
Upon husband’s retirement from the Tennessee Valley Authority (TVA) in February 1988, he ceased paying alimony. The husband has subsequently missed payments for the months of March, April, May, and June, totalling $2400.
On March 24, 1988, after nonreceipt of the $600 monthly payment, the wife filed a petition to hold the husband in contempt of court. Husband filed a cross-petition praying for modification of the divorce decree and termination of the alimony payments. He alleges a material change in circumstances, asserting that he is no longer employed by TVA; that his income is greatly reduced; and that he is no longer able to work due to his physical condition. The trial court, after a rule nisi hearing, denied the wife’s petition for contempt. The order is silent as to modification of the divorce decree and also as to any termination of alimony. After the denial of a motion for new trial, wife appeals.
The only issue raised by appellant is whether the trial court erred in denying the wife’s petition to cite for contempt.
Rule 28(a)(5), A.R.A.P., requires that the appellant’s argument address the issue presented, with citations to the authorities and parts of the record relied on. However, the appellant’s brief fails to argue any statements of law applicable to the alleged error by the trial court.
Instead, the wife contends that the trial court’s denial of her petition for contempt, in effect, modified the divorce decree. This court is of the opinion that the *802 failure to cite for contempt of court is not a modification of the decree.
The appellant cites this court to three cases, one code section, and one rule of procedure, but fails to apply these to the single issue raised by appellant. The cites all relate to modification proceedings, award of alimony, or granting a new trial.
“When an appellant has failed to comply with Rule 28(a), Alabama Rules of Appellate Procedure, he is in a perilous position. While this court hesitates to ... affirm a judgment on what appears to be a technicality, we are sometimes unable to address the merits of an appellant’s claim when the appellant fails to articulate that claim.”
Lambert v. Pinckard Agency, Inc., 516 So.2d 697 (Ala.Civ.App.1987).
Since the appellant’s brief fails to comply with the requirements set out in Rule 28(a)(5), A.R.A.P., we have no alternative but to affirm the decree of the trial court. See Lambert, supra.
This case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.